UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TIMOTHY MORGAN, individually and on behalf of all others similarly situated, | X : : | |
| Plaintiff, | : | 1:03cv 12529 (JLT) |
| vs. | : : | |
| NETWORK ENGINES, INC., JOHN CURTIS, DOUGLAS G. BRYANT, and LAWRENCE A. GENOVESI, | : : : : | |
| Defendants. | : X | |
| EDWIN POWELL MILLER, individually and on behalf of all others similarly situated, | : : | |
| Plaintiff, | : | 1:04cv 10022 (JLT) |
| vs. | : : | |
| NETWORK ENGINES, INC., JOHN CURTIS, DOUGLAS G. BRYANT and LAWRENCE A. GENOVESI, | : : : : | |
| Defendants. | : X | |

(Additional Captions Set Forth Below)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE, TO APPOINT WING KAM YU, BLAKE KUNKEL, AND THOMAS CUNNINGHAMS LEAD PLAINTIFF, AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL**

| | |
|---|---|
| **DAVID DUBROW, individually and on behalf of all others similarly situated,** | X : : |
| **Plaintiff,** | : **1:04cv 10096 (JLT)** : |
| **vs.** | : : |
| **NETWORK ENGINES, INC.,** | : : |
| **Defendants.** | : : X |
| **WING KAM YU, individually and on behalf of all others similarly situated,** | : : |
| **Plaintiff,** | : **1:04cv 10238 (DPW)** : |
| **vs.** | : : |
| **NETWORK ENGINES, INC., JOHN CURTIS, and DOUGLAS G. BRYANT,** | : : : |
| **Defendants.** | : : X |
| **HERBERT A. REITZEL on behalf of himself and others similarly situated,** | : **1:04cv 10288 (JLT)** : |
| **Plaintiff,** | : : |
| **vs.** | : : |
| **NETWORK ENGINES, INC., JOHN CURTIS, DOUGLAS G. BRYANT and LAWRENCE A. GENOVESI,** | : : : |
| **Defendants.** | : : X |

Wing Kam Yu, Blake Kunkel and Thomas Cunningham ("Movants") respectfully submits this Memorandum of Law in support of its motion to be appointed lead plaintiff in the above-referenced actions (2) to consolidate the actions presently pending in the District of

Massachusetts and (3) to approve its selection of Milberg Weiss Bershad Hynes & Lerach LLP as lead counsel and Moulton and Gans, PC, as liaison counsel.

## PRELIMINARY STATEMENT

Presently pending in this District are five related class action lawsuits (the "Actions") on behalf of persons who purchased or otherwise acquired securities of Network Engines, Inc. ("Network Engines" or the "Company") during the Class Period. These actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5. Defendants are Network Engines and certain of its officers and directors. Class members sustained heavy losses as a result of the alleged fraud.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), Movants, by their counsel, respectfully moves this Court: (1) to appoint Movants as Lead Plaintiff in the consolidated action; (2) to consolidate the actions presently pending in this District; and (3) to approve its selection and retention of Milberg Weiss Bershad Hynes & Lerach LLP ("Milberg Weiss") as lead counsel and Moulton and Gans, PC, as liaison counsel.

Movants believe that they have the largest financial interest in the relief sought by the class and "otherwise satisf[y] the requirements of Rule 23"; thus it is presumptively entitled to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Consolidation pursuant to Fed. R. Civ. P. 42(a) is appropriate because the Actions involve common issues of fact and law.

## STATEMENT OF FACTS[1]

These actions and other related actions have been filed on behalf of all persons who purchased or otherwise acquired Network Engines securities between November 6, 2003 and December 10, 2003 (the "Class Period").

The complaint alleges that by the start of the Class Period, defendants knew, but failed to disclose, that Network Engines was in the process of renegotiating its distribution contract with EMC, and that EMC was demanding price reductions, which, if agreed to, would negatively impact the Company's future financial results. Nevertheless, throughout the Class Period, defendants issued positive statements highlighting the Company's strong financial performance, continued growth and the success of its relationship with EMC, its largest customer. Defendants failed to disclose, however: (i) that the Company was in the process of renegotiating its distribution contract with EMC; (ii) that EMC was demanding price concessions to bring its agreement with Network Engines in line with the pricing that Network Engines was providing to other customers; (iii) that the new distribution contract with EMC would negatively impact the Company's future financial performance; (iv) that the Company would not be able to sustain the growth in its gross margins as a result of the amended contract; and (v) as a result, the Company's positive statements issued during the Class Period were materially false and misleading when made.

Finally, on December 10, 2003, the Company announced, among other things, that it had renegotiated its distribution contract with EMC and the amended contract would negatively impact the Company's gross profit related to the sale of EMC-approved Host Bus Adapters and the Company's distribution operations gross profit.

---

[1]     These facts are derived from the allegations in the complaint captioned *Yu v. Network Engines, et al.* filed February 3, 2004 ("the Yu Complaint").

Following this announcement, shares of Network Engines common stock fell $3.92 per share, or 39%, to close at $6.10 per share, on extraordinarily high trading volume, and have continued to decline since that time.

## ARGUMENT

### POINT I.

### THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions assert class claims on behalf of the purchasers of Network Engines' securities for alleged violations of the securities laws during the Class Period. The Actions name common defendants and involve the same factual and legal issues. They are each brought by investors who purchased shares of Network Engines during the Class Period pursuant to the materially false and misleading statements which artificially inflated the price of Network Engines securities. Consolidation is appropriate where there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42 (a). See Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990). That test is readily met here and, accordingly, the Actions should be consolidated.

### POINT II.

### MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.    The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C.  § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action captioned *Morgan v. Network Engines, Inc., et al.*, caused notice to be published on the PR Newswire on December 16, 2003.[2] See Gans Decl., Exhibit A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
>> (aa) has either filed the complaint or made a motion in response to a notice...
>>
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the
>>
>> (cc) Federal Rules of Civil Procedure.

---

[2]     The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire services." Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchants Acceptance Corp., No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

15 U.S.C. 78u-4(a)(3)(B)(iii). <u>See generally</u> <u>Greebel</u>, 939 F. Supp. at 64.

**B.    Movants Satisfy The "Lead Plaintiff" Requirements Of The Exchange Act**

    **1.    Movants Have Complied With The Exchange Act And Should Be Appointed Lead Plaintiff**

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C.  § 78u-4(a)(3)(A) and (B) expires on February 17, 2004.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on December 16, 2003), Movants timely move this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Movants have duly signed and filed a certification stating that it has reviewed the allegations of the Network Engines Action and is willing to serve as a representative party on behalf of the class. <u>See</u> Gans Decl., Exhibit B.   In addition, Movants have selected and retained competent counsel to represent it and the class. <u>See</u> <u>infra</u> at p. 15-17; Gans Decl. Exs. D-E. (attaching firm resumes of Milberg Weiss and Moulton & Gans).  Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff and their selection of Milberg Weiss to serve as Lead Counsel and Moulton & Gans to serve as Liaison Counsel considered and approved by the Court.

    **2.    Movants Have The Requisite Financial Interest In The Relief Sought By The Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certification, <u>See</u> Gans Decl. Exhibit B, Movants purchased a total of 5,000 shares of Network Engines at prices artificially inflated by the materially false and misleading statements issued by the defendants and were injured thereby.  In addition, Movants incurred a substantial loss of approximately $17,904 on its transactions in Network Engunes shares. Upon information and

belief, Movants present the largest financial interest in this litigation. Therefore Movants satisfy the PSLRA's "largest financial interest" requirement. 15 U.S.C. 78u-4(a)(3)(B).

### 3.    Movants Otherwise Satisfies Rule 23

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two — typicality and adequacy -directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. Lax v. First Merchants, 1997 U.S. Dist. LEXIS 11866 at *20; Fischler v. Amsouth Bancorporation, No. 96-1567-Civ -T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997). Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. See Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members

- 8 -

because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. See Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. Phillips v. Joint Legislative Comm. on Performance & Expenditure Review, 637 F.2d 1014, 1024 (5th Cir. 1981).

Movants satisfy this requirement because, just like all other class members, they: (1) purchased or otherwise acquired Network Engines securities during the Class Period; (2) purchased Network Engines securities at prices artificially inflated as a result of the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Movants' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding Movants' adequacy to represent the class to the existence of any conflicts between their interests and the interests of the other members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the proposed lead plaintiff and the class members and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Modell v. Eliot Sav. Bank,

139 F.R.D. 17, 23 (D. Mass. 1991) (citing <u>Andrews v. Bechtel Power Corp.</u>, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Movants are adequate representatives of the class. As evidenced by the injury suffered by them as a result of acquiring Network Engines shares at prices artificially inflated by defendants' materially false and misleading statements, Movants' interests are clearly aligned with those of other class members, and there is no antagonism between Movants' interests and those of the other members of the class. In addition, as shown below, Movants' proposed Lead Counsel and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movants <u>prima facie</u> satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## POINT III.

### MOVANTS' CHOICE OF
### LEAD AND LIAISON COUNSEL SHOULD BE APPROVED

Movants have selected Milberg Weiss to serve as lead counsel, subject to Court approval. Milberg Weiss possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Milberg Weiss has been appointed as lead or co-lead counsel in landmark class actions, including <u>In re NASDAQ Market-Makers Antitrust Litig.</u>, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and <u>In re Enron Corporation Securities Litigation,</u> 235 F. Supp. 2d 549 (S.D. Tex. 2002), which is one of the largest securities class action lawsuit ever.[3] Moulton & Gans is also experienced in litigating securities class

---

[3]    <u>See also</u> <u>In re Advanced Tissue Scis. Sec. Litig.</u>, 184 F.R.D. 346, 352 (S.D. Cal. 1998) (Milberg Weiss qualified to serve as lead counsel); <u>Chill v. Green Tree Fin. Corp.</u>, 181 F.R.D. 398, 403, 413-15 (D. Minn. 1998) (same); <u>In re Donnkenny, Inc. Sec. Litig.</u>, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) (same); <u>Holley v. Kitty Hawk, Inc.</u> 200 F.R.D. 275, 282 (N.D. Tex. 2001) (same); <u>Greebel v. FTP Software</u>, 939 F. Supp. at 64 (same).

actions, has successfully represented plaintiffs in securities class actions numerous times before

this Court and will more than adequately represent the interests the class as Liaison Counsel. See

Gans Decl. Exs. D-E (attaching firm resumes).

## CONCLUSION

For the foregoing reasons, Wing Kam Yu, Blake Kunkel and Thomas Cunningham

satisfy the PSLRA's requirements for appointment as lead plaintiff in this action and should be

appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B). Movants respectfully requests

that this Court: (1) appoint them as lead plaintiff pursuant to §21D(a)(3)(B); (2) consolidate the

actions presently pending in the District of Massachusetts and (3) approve its selection of

Milberg Weiss as Lead Counsel and Moulton & Gans as Liaison Counsel.

DATED:  February 17, 2004

Respectfully submitted,

**MOULTON & GANS, P.C.**

By: _Nancy Freeman Gans_

Nancy Freeman Gans BBO # 184540
33 Broad Street, Suite 1100
Boston, MA  02109
Telephone:  (617) 369-7979

**Proposed Liaison Counsel**

**MILBERG WEISS BERSHAD
HYNES  & LERACH LLP**
Steven G. Schulman
Anita B. Kartalopoulos
Andrei V. Rado
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

**Proposed Lead Counsel**

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was
served upon the attorney of record for each party
by mail (by hand) on _2/17/04_

- 11 -

**LAW OFFICES OF**
**CHARLES J. PIVEN, P.A.**
Charles Piven
The World Trade Center-Baltimore
Suite 2525
401 East Pratt Street
Baltimore, MD 21202
(410) 332-0030
Fax: 410-685-1300

**Attorney for Plaintiff**